IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:25-cv-00007-D

WILLIAM C. QUINN, JR.,

        Plaintiff,

vs.

NATIONWIDE MUTUAL
INSURANCE COMPANY,

        Defendant.

**CONSENT PROTECTIVE ORDER**

IT IS HEREBY STIPULATED that the defendant seeks to obtain a record of criminal investigation including any video recordings concerning the events as alleged in Plaintiff's Complaint from the Cumberland County Sheriff's Department. These records of criminal investigation are confidential under N.C. Gen. Stat. § 132-1.4 and may not be released without a court order. The defendant seeks an order of this Court so as to be in compliance with the above-cited statute and to ensure that said records, including any video recordings are not disclosed outside this proceeding, and the plaintiff consents to the entry of this order.

IT IS HEREBY ORDERED THAT:

1. The Cumberland County Sheriff's Department is authorized to disclose any and all records of criminal investigation, including any video recordings, that involve or depict the incident that is the subject of this Complaint.

2. The above referenced records and/or video recordings are asserted by the Cumberland County Sheriff's Department to contain or constitute confidential information under state law shall be clearly and prominently marked on its face with the legend: "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or a comparable notice. Additionally, any other materials considered by the parties to be protected and/or confidential shall be likewise so indicated. If any party objects to the designation of any information as confidential, counsel for the objecting party shall notify the designating party in writing. The objecting party shall identify the information in question, and shall specify in reasonable detail the reason or reasons for the objection. Within five calendar days of the receipt of such notice, the designating party and objecting party shall meet and confer in an effort to resolve their differences. If the objection is not so resolved, the objecting party may move the Court for appropriate relief. The information in question shall continue to be treated as confidential in accordance with the disputed designation unless and until the Court issues a final ruling that the information does not qualify for such a designation.

3. In the absence of written permission from the producing party or custodian of the record(s) or their designee, or by order of the Court, any confidential information obtained in accordance with the provisions of this Order shall be disclosed solely for the purpose of this lawsuit and shall not be disclosed to any person other than:

    (a) The Court and its personnel;

(b) The Parties, counsel for the Parties, their staff members, their professional and para-professional employees, or other agents or representatives of either party, as necessary to prepare this case for litigation.

(c) Any experts or service contractors (e.g., court reporters or outside photocopying or imaging services) associated with the Parties regarding this action;

(d) Any person or entity who is not presently a Party to this litigation, but who is added as a Party through amendment of the pleadings;

(e) Any potential or actual deposition or trial witness as necessary to prepare this case for litigation;

(f) Deponents, during a deposition or in preparation therefore, when the Confidential Information is materially related to the examination or testimony of such deponent; or

(g) Consultants and technical experts involved in the preparation of this action.

4. All persons to whom Confidential Information is disclosed pursuant to Paragraph 3 of this Order shall be bound by this Order. It shall be the responsibility of counsel for each party to this action to ensure that persons authorized to receive Confidential Information pursuant to Paragraph 3 of this Order have knowledge of the terms of this Order and agree to be bound by them. Any person breaching the provisions of this Order is subject to the contempt powers of this Court.

5. Nothing in this Agreement shall prevent or impair the use by a party of Confidential Information as set forth in Paragraphs 1 through 2 of this Agreement in proceedings in this litigation, including motion papers, affidavits, briefs, other papers and depositions filed with the Court at any deposition, hearing, conference, or other proceeding before trial so long as confidentiality of such information is protected as provided herein. Nothing in this Agreement shall prevent or impair the use by a party of Confidential Information as set forth in Paragraphs 1 through 2 of this Agreement at trial in accordance with any rules established by the Court.

6. The provisions of Local Civil Rule 79.2, E.D.N.C., along with Section V.G(1)(a) of the ECF Administrative Policies and Procedures Manual cited herein, shall control the filing of sealed documents. Except for motions filed under seal in accordance with Section V.G.1.(f), each time a party seeks to file under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed. Absent such authority, the filing party must submit a supporting memorandum that specifies:

    (a) The exact document or item, or portions thereof, for which the filing under seal is requested;

    (b) How such request to seal overcomes the common law or the First Amendment presumption to access;

(c) The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

(d) The reasons why alternatives to sealing are inadequate; and

(e) Whether there is consent to the motion.

(f) In addition to the motion and supporting memorandum, the filing party must set out findings supporting these specifications in a proposed order to seal.

7. Inadvertent disclosure of Confidential Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed if promptly called to the attention of counsel for each receiving party.

8. Following the conclusion of this action, including any appeals, a party that produced Confidential Information may request in writing its return by any other party. Within sixty (60) days after service of such a request, any party that received the Confidential Information shall either return it to counsel for the producing party or destroy it, at the election of the receiving party; provided that the information shall not be destroyed if otherwise ordered by the Court or a motion for relief from this Paragraph is pending. If a receiving party elects to destroy the Confidential Information rather than returning it to the producing party, counsel for the receiving party shall provide to the producing party by the sixty (60) day deadline a signed

certification that the Confidential Information has been destroyed. This Paragraph shall not be construed to require the return or destruction of any regularly maintained litigation files held by the attorneys of record for each party as archival records or other attorney work-product created for any party. Any Confidential Information, or portions or excerpts thereof, which are not returned or destroyed pursuant to this Paragraph shall remain subject to the terms of this Order. The return or destruction of trial exhibits by the Court shall be governed by Local Civil Rule 79.1.

9. Neither the terms of this Order nor the disclosure or designation as confidential of any information pursuant to it shall be deemed to establish or vitiate any potential objection to the production of any documents under the Federal Rules of Civil Procedure or the admissibility under the Federal Rules of Evidence of any information subject to this Order.

10. This Order is without prejudice to the right of any party, the producer, or witness to seek modification or amendment of the Order by motion to the court, or to seek further orders from the court regarding the additional disclosure of, or restriction of, confidential information.

SO ORDERED, this the __8__ day of April, 2025.

                                                        _JAMES C. DEVER III_
                                                       UNITED STATES DISTRICT COURT JUDGE